**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 95-30060

(Summary Calendar)
_____

FREDDIE M. WILSON,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF VETERANS
AFFAIRS, obo, VETERANS CANTEEN
SERVICES, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(CV 93 2179)
_____
(August 23, 1995)

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Freddie Wilson filed an action against Jesse Brown, Secretary of the Department of Veterans Affairs, James Donohoe, Director of Veterans Canteen Services, and Charles Lizyness, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e (1988), and claims under the Federal Tort Claims Act, 28 U.S.C.

_____

[*] Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

§§ 2671-2680 (1988). The district court issued an order dismissing both claims or in the alternative granting summary judgment against Wilson. She appeals the court's ruling on the Title VII claim. We affirm.

## I

On December 17, 1991, Wilson filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that her supervisor had sexually harassed her during her employment with the Department of Veterans Affairs. The EEOC found her application untimely and dismissed her complaint. Wilson's attorney received notice of the EEOC decision on May 3, 1993, and mailed a copy to Wilson in Germany. Wilson received the decision on May 25, 1993, and mailed a letter to the EEOC on May 28, 1993, discussing information relating to her claim. On June 7, 1993, Wilson's attorney submitted a Form 573 to the EEOC, requesting an appeal of the Agency's decision.[1] The EEOC found that the notice violated the thirty-day time limit on such appeals and denied the appeal.[2] Subsequently, Wilson brought this action under Title VII of the

---

[1] Form 573 is the EEOC's "Notice of Appeal/Petition" form. 29 C.F.R. § 1614.403(a). Under the applicable regulations, "[t]he complainant should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what he or she is appealing." *Id.*

Section 1614 became effective on October 1, 1992. 57 Fed. Reg. 12634 (1992). Wilson filed her complaint on December 17, 1991, before that section became effective. The EEOC should, therefore, have processed her complaint under the previous § 1613. *Id.* However, the time limit for appeal under § 1613 is twenty days as compared to the thirty-day limit allowed by § 1614. 29 C.F.R. §§ 1613.233, 1614.402. Under § 1613, even Wilson's letter of May 28 would have been late; accordingly, we defer to the EEOC's decision to apply the more lenient regulations to Wilson's appeal.

[2] The Commission used May 3))the date when Wilson's attorney received notice of the denial of her application))and June 7))the date that Wilson's attorney filed the Form 753 with the EEOC))to establish that she had not appealed within the thirty-day limit.

-2-

Civil Rights Act and the Federal Tort Claims Act. The Secretary moved for summary judgment, arguing that because Wilson's request for appeal had been untimely, she had failed to exhaust her Title VII administrative remedies, thereby barring her from bringing an action in district court. The Secretary also argued that the district court lacked subject matter jurisdiction over the FTCA claim. The district court granted the motion for summary judgment on the Title VII claim, and it dismissed the FTCA claim with prejudice. Wilson now appeals.

## II

Wilson contends that the district court should not have granted summary judgment on her Title VII claim, arguing that the Agency erroneously dismissed her appeal because (1) her letter of May 28 was a notice of appeal filed within the statute of limitations, and (2) alternatively, equitable considerations entitle her to a tolling of the statute. We exercise de novo review of the grant of a summary judgment. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Wilson argues that the EEOC incorrectly decided that her appeal was untimely. "If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." *Barrow v. New*

*Orleans S.S. Ass'n*, 932 F.2d 473, 476-77 (5th Cir. 1991); *Templeton v. Western Union Tel. Co.*, 607 F.2d 89, 91 (5th Cir. 1979) (per curiam); *see also National Ass'n of Gov't Employees v. City Pub. Serv.*, 40 F.3d 698, 711 (5th Cir. 1994) ("[C]ourts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies.").

We will reverse an agency's interpretation of its regulations only if the decision is arbitrary or capricious. *Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42, 103 S. Ct. 2856, 2866, 77 L. Ed. 2d 443 (1983) ("The scope of review under the `arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency."); *Wilson v. United States Dep't of Agric.*, 991 F.2d 1211, 1215 (5th Cir. 1993) (looking "at the agency's decision to determine if it was reached in an arbitrary or capricious manner."), *cert. denied*, ___ U.S. ___, 114 S. Ct. 1296, 127 L. Ed. 2d 649 (1994). "A decision is arbitrary or capricious only when it is `so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Wilson*, 991 F.2d at 1215 (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43, 103 S. Ct. at 2867). "The agency decision need only have a rational basis, and it does not have to be a decision which the court would have made." *Wilson*, 991 F.2d at 1215.

Wilson argues that her letter to the EEOC on May 28 was an appeal and should have satisfied the statute of limitations. EEOC regulations provide that:

> The complainant, agent, grievant or individual class claimant (hereinafter complainant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P.O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile. The complainant should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what he or she is appealing.

29 C.F.R. § 1614.403(a).

Wilson asserts nothing more than that this court should consider her letter an appeal. Wilson provides no authority, however, to support excusing her failure to comply with the regulations. Also, the letter did not state that she was appealing the EEOC's decision. We therefore hold that the Commission's decision that Wilson did not file a timely appeal was not arbitrary or capricious.

Wilson alternatively contends that equitable considerations merit a tolling of the thirty-day time limit on filing an appeal to the EEOC. EEOC regulations allow that "[t]he time limits in this part are subject to waiver, estoppel and equitable tolling." 29 C.F.R. § 1614.604(c). A complaining party in a Title VII case bears the burden of providing the justification for application of equitable tolling principles. *Nowlin v. RTC*, 33 F.3d 498, 503 (5th Cir. 1994); *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988), *cert. denied*, 488 U.S. 1007, 109 S. Ct. 789, 102 L. Ed. 2d 781 (1989).

In *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979), we discussed three possible bases for tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim

-5-

because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights. *See id*. at 1302-03. None of these apply in this case, but "*Chappell* does not hold that these three are the only bases for tolling . . . ." *Blumberg*, 848 F.2d at 644-45. Therefore, Wilson's inability to satisfy one of the bases for tolling under *Chappell* is not necessarily fatal to her claim. However, we "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1726, 80 L. Ed. 2d 196 (1984) (per curiam) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992) (requiring due diligence to warrant equitable tolling).

Wilson argues that despite all "due diligence," overseas mailing delays caused her appeal to be untimely. Such delays, she contends, are clearly a "circumstance beyond complainant's control" and entitle her to equitable tolling. Wilson claims to have acted with all due diligence but she provides no support for this contention. She fails to explain why she could not have notified her attorney of her intent to appeal in the event of a unfavorable decision by the EEOC. She also fails to explain why she could not have avoided overseas mail and communicated via telephone or facsimile machine. Because it was within Wilson's power to

-6-

ameliorate the circumstances that resulted in her untimely filing, we agree with the D.C. Circuit that overseas delays do not warrant tolling. *See Rao v. Baker*, 898 F.2d 191 (D.C. Cir. 1990) (holding that mailing delays to Philippines did not justify tolling or excuse lack of diligence).

Indeed, to some extent, we question the relevance of the overseas delays to Wilson's claim for equitable tolling, because her attorney could have responded for her. Notice to her attorney constituted notice to Wilson, *Irwin*, 498 U.S. at 96, 111 S. Ct. at 458; *see also* 29 C.F.R. § 1614.402(b) ("If the complainant is represented by an attorney of record, then the 30-day time period . . . shall be calculated from the receipt of the required document by the attorney."), and Wilson offers no explanation for her attorney's failure to protect her rights. Accordingly, Wilson's counsel's inaction does not warrant an extension of the limitations period. *See Irwin*, 498 U.S. at 96, 111 S. Ct. at 458 (refusing to toll a 30 day statute of limitations in a Title VII case, where the plaintiff was late in filing because his attorney had been out of the office when the EEOC notice was received, and holding that "principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect"). Wilson has filed to meet her burden to show that the EEOC should have applied equitable tolling to her appeal; therefore, the district court properly granted summary judgment to the Secretary.

## III

For the foregoing reasons, we AFFIRM the judgment of the

district court.