IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-30623

Summary Calendar

---

SELVISH CAPERS,

Plaintiff-Appellant,

versus

WILLIAM J. HENDERSON, Postmaster General; UNITED STATES POSTAL
SERVICE,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(00-CV-1515)

---

December 19, 2001
Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Selvish Capers appeals the dismissal of his claim of
employment discrimination in violation of Title VII of the Civil
Rights Act of 1964. Capers alleges that he was terminated because
of his race. The district court dismissed Capers' claim under
Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

because Capers did not timely contact the EEOC about his complaint and therefore failed to exhaust his administrative remedies.[1]

Our review is *de novo*.[2] Capers concedes that he did not contact an EEO counselor until September 20, 1999, 98 days after the effective date of his termination, which was April 30, 1999. Capers argues, however, that the Letter of Decision was ambiguous as to when the effective date of his termination was to occur, because of language stating that he would "remain on the rolls" if he appealed. We find, however, that the Letter of Decision is unambiguous, because it clearly states that "removal will be effective Friday, April 30, 1999." The Letter of Decision also states that Capers "must bring the matter to the attention of [the] EEO Specialist ... within forty-five (45) calendar days of the effective date of this decision ...."

Capers also argues that he is entitled to equitable tolling of the 45-day period for filing an EEOC complaint. "A complaining party in a Title VII case bears the burden of providing the justification for application of equitable tolling principles."[3] Capers argues that he merits equitable tolling because: (1) he received inadequate notice of the time limits for filing a

---

[1] 29 C.F.R. § 1614.105(a)(1) (providing that "an aggrieved person must initiate contact with a counselor within 45 days of the state of the matter alleged to be discriminatory or in the case of personnel action within 45 days of the effective date of the action.").

[2] *John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000).

[3] *Wilson v. Secretary, Dep't of Veterans Affairs on Behalf of Veterans Canteen Services*, 65 F.3d 402, 404 (5th Cir. 1995).

complaint because the Letter of Decision was vague and (2) the defendant "lulled [Capers] into inaction and ... prevented him from discovering essential information relative to his claim of discrimination."[4]  After a review of the record, we agree with the district court that Capers has failed to set forth any set of facts that would merit application of equitable tolling.

Finally, we must address Capers' argument that the district court erred in applying the standards of Rule 12(b)(1) and dismissing for lack of subject matter jurisdiction.  Capers argues that the district court should have employed the standards of Rule 12(b)(6) to decide the defendant's motion to dismiss.  The Supreme Court's application of equitable tolling to Title VII suits against the United States means that the time limits are not jurisdictional,[5] and therefore the district court's application of Rule 12(b)(1) was error.

Capers did not make this argument to the district court, however.  We generally will not consider arguments not raised in the district court unless it is a pure question of law and our refusal to consider the question will result in a miscarriage of justice.[6]  While Capers presents a pure question of law, our

---

[4] Blue Brief at 13.

[5] *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990); *see also Perez v. United States*, 167 F.3d 913, 915 (5th Cir. 1999) (stating that a limitations provision being jurisdictional and the application of equitable tolling are mutually exclusive).

[6] *McDonald's Corp v. Watson*, 69 F.3d 36, 44 (5th Cir. 1995).

refusal to consider the question will not result in a miscarriage of justice because the district court would consider the very same evidence and arguments, and arrive at the very same conclusion, on a Rule 12(b)(6) or Rule 56 motion by the defendant.

AFFIRMED.