# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2010

No. 10-10125
Summary Calendar

Lyle W. Cayce
Clerk

DAYNEAN RICHARDS,

Plaintiff - Appellant

v.

JRK PROPERTY HOLDINGS,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 09-CV-1561

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Daynean Richards appeals the dismissal of her Title VII employment discrimination and retaliation claims. For the reasons stated below, we AFFIRM.

In May 2009, Richards filed a charge of discrimination against JRK Property Holdings ("JRK") with the Texas Workforce Commission Civil Rights Division. The only particulars listed on the charge were: (1) Richards was terminated from her position as Property Manager in October 2008; (2) Leslie

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10125

Frazier told Richards she was being terminated due to her failure to falsify government documents; and (3) Richards believed she was discriminated against because of her race and in retaliation for refusing to falsify government documents.[1]  Richards received a notice of dismissal and right to sue from the U.S. Equal Employment Opportunity Commission.  Richards, represented by counsel, filed a complaint in the Northern District of Texas in August 2009.  The only facts alleged in the complaint were: (1) Plaintiff is a resident of Desoto, Texas; (2) Defendant is a company with offices in Los Angeles, California; and (3) "Plaintiff was discharged due to race and retaliation in October 20, 2008." Neither the complaint nor the Workforce Commission charge asserted that Richards was an employee of JRK.  Further, the documents provided no supporting explanations for why Richards believed she was discriminated against based on race, whether the government documents were connected to a protected activity under Title VII, or whether Leslie Frazier was a representative of JRK.

In September 2009, JRK filed a motion to dismiss under *Federal Rule of Civil Procedure* 12(b)(6).  The district court granted the motion, finding that Richards's pleading contained nothing more than "labels" and "conclusions" and it "failed to allege sufficient facts to state a plausible claim to relief."  The complaint was dismissed without prejudice.

We review *de novo* a motion to dismiss for failure to state a claim under Rule 12(b)(6).[2]  Under Rule 8(a)(2), a pleading must contain "a short and plain

---

[1] Plaintiff's Complaint incorporated her Workforce Commission charge so the court may consider the attachment in assessing the motion to dismiss.

[2] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

2

No. 10-10125

statement of the claim showing that the pleader is entitled to relief." While we assume that all factual allegations in the complaint are true, those allegations "must be enough to raise a right to relief above the speculative level,"[3] and the complaint must "state a claim to relief that is plausible on its face."[4] To survive a 12(b)(6) motion to dismiss, the complaint does not need "detailed factual allegations, but it [needs] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] Specifically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[6]

In the Plaintiff's complaint, she asserted that she was discharged due to her race in violation of Title VII, which prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions . . . because of such individual's race, color, . . . or national origin."[7] However, the complaint did not set forth any factual allegations to support a racial discrimination claim. The only facts alleged were: (1) Richards was terminated from her position as a property manager in October 2008; and (2) Richards *believed* she was terminated because she is African-American. Richards provided no facts that lend support to her belief that she was terminated because of her race. Her assertion of racial discrimination is a legal conclusion that the court is not required to accept and does not suffice to prevent

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Id.* at 570.

[5] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

[6] *Id.*

[7] 42 U.S.C. § 2000e-2(a).

No. 10-10125

a motion to dismiss.[8]  Without sufficient factual allegations in her complaint, Richards has not satisfied her burden of providing fair notice to the Defendant.[9]

To state a Title VII retaliation claim, the Plaintiff must allege facts that tend to establish: (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action.[10]  "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."[11]  Here, Richards did not assert that she was participating in any protected activity.  She indicated she was discharged for failing to falsify government documents, but she made no allegation that those documents were connected to a Title VII investigation or that her failure to falsify was an activity protected by Title VII.[12]  Her complaint fails to allege facts stating a claim for retaliation that is plausible on its face.

We therefore AFFIRM the district court's judgment dismissing Appellants' claims.

---

[8] *See Iqbal*, 129 S. Ct. at 1949; *Landavazo v. Toro Co.*, 301 Fed. App'x 333 (5th Cir. 2008) (unpublished).

[9] *See Twombly*, 550 U.S. at 556 n.3; *Dark v. Potter*, 293 Fed. App'x 254 (5th Cir. 2008) (unpublished).

[10] *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002).

[11] *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (internal quotation marks omitted).

[12] We also note that Richards could not base her retaliation claim on her EEOC filing because that charge was filed over seven months after she was discharged.