# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2013

Lyle W. Cayce
Clerk

No. 13-30213
Summary Calendar

BARBARA A. CARTER,

Plaintiff-Appellant

v.

TARGET CORPORATION,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-cv-01541

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This appeal considers whether the district court properly granted
Defendant's motion to dismiss Plaintiff's Title VII claims of retaliation and racial
discrimination. We affirm the dismissal, but vacate part of the district court's
order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

13-30213

## FACTS AND PROCEEDINGS

Defendant Target Corporation ("Target") employed Plaintiff Barbara Carter ("Carter") from 2002 until 2011. In early 2010, Carter's supervisor allegedly asked Carter—a black female—to file false negative reports against two other black employees. Carter refused the supervisor's request and claims her workload subsequently increased. She then submitted a complaint to the Target employee hotline ("Hotline Complaint") about her increased workload. As a result of the Hotline Complaint, Carter avers that she continued to receive an increased workload, as well as false disciplinary actions and poor performance evaluations.

On August 26, 2010, Carter filed a formal complaint—Charge Number 27A-2010-00043 ("Charge 43")—with the Equal Employment Opportunity Commission ("EEOC") and the Louisiana Commission on Human Rights ("LCHR"), alleging that Target retaliated against her for filing the Hotline Complaint. Charge 43 alleges discrimination based upon retaliation, and lists the last day on which discrimination took place as July 2, 2010. It did not allege racial discrimination, and nothing in the complaint references the race of either Carter, her co-workers, or her supervisors.

Carter was fired on March 23, 2011. On May 28, 2011, Carter filed two documents with the EEOC and LCHR. First, she amended Charge 43 to include allegations of racial discrimination. As with the original charge, amended Charge 43 lists the last day of discrimination as July 2, 2010. And second, Carter filed Charge Number 27A-2011-00020 ("Charge 20"), alleging that she was fired in retaliation for filing Charge 43. Charge 43 was dismissed by the EEOC, and Carter received a right-to-sue letter. Carter has not presented—and does not allege the existence of—a right-to-sue letter for Charge 20.

Carter filed suit in the Western District of Louisiana. Count I, based on EEOC Charge Number 27A-2010-00023 ("Charge 23"), alleges (i) retaliation for refusing to file negative reports against her co-workers, (ii) retaliation for the Hotline Complaint, and (iii) racial discrimination. Carter has since admitted that Charge 23 does not exist.[1]

Count II, based on Charge 43, asserted that Carter was fired in retaliation for filing the EEOC claim in Count I. No charging documents were attached to Carter's complaint.

Target filed a motion to dismiss. As part of its motion, Target attached two EEOC charging documents—Charge 43 and Charge 20—which purport to be the actual EEOC charges referenced in Carter's complaint. Carter argues that these documents constitute materials outside the complaint and cannot be considered on a motion to dismiss.

The district court considered the charging documents and determined that, contrary to the allegations in Carter's complaint, (i) Count I was based on Charge 43, not Charge 23, and (ii) Count II was based on Charge 20, not Charge 43. Evaluating Target's motion under this framework, the district court dismissed Count I on the racial discrimination and failure to promote claims, finding them time barred. Originally, the district court did not dismiss Count I's claim of retaliatory treatment in the form of excessive workload and negative performance reviews. However, on Target's motion for reconsideration, the district court also dismissed that claim because the alleged unlawful

---

[1]While Target was able to produce Charges 43 and 20, the record contained no evidence detailing the allegation in Charge 23—the alleged basis for Count I of Carter's complaint. Faced with this discrepancy, we requested that Carter supplement the record with a copy of Charge 23. Carter's attorney responded to our request as follows: "There is no EEO [sic] charge filed by Barbara Carter with the *Louisiana Commission on Human Rights* nor the *Equal Employment Opportunity Commission* bearing the case Number 27A-2010-00023. The sole charges are those provided in the *Records Excerpts* filed with Appellant's Brief." Resp. to Court Directive, Doc. 33. Carter's response to our directive did not explain how Carter attained a "Right to Sue Notice" for charge number 27A-2010-00023 when no such charge exists.

employment practices (excessive workload, etc.) were not taken in response to a "protected activity" under Title VII.

The district court also dismissed Count II, which alleged that Carter was fired for filing Charge 23. As with Count I, the district court disregarded the complaint's assertion that Count II was founded on Charge 43 and analyzed Count II on the facts of Charge 20. It dismissed Count II without prejudice for failure to provide a right-to-sue notice. It also held in the alternative that because Charge 43 did not allege a colorable violation of Title VII, it could not serve as a proper basis for Charge 20's allegation of retaliation. The dismissal on the alternative grounds was with prejudice.

## STANDARD OF REVIEW

We review the grant of a motion to dismiss de novo. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). In doing so, we are "not restricted to ruling on the district court's reasoning," *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002) (internal quotation marks omitted), but rather "may affirm a district court's dismissal based on rule 12(b)(6) on any basis supported by the record," *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780-81 (5th Cir. 2007).

To survive a motion to dismiss, a complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). This is a context-specific inquiry, "requir[ing] the reviewing court to draw on its experience and common sense." *Id.* at 679. Furthermore, the court need not accept legal conclusions as true. *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## DISCUSSION

A.    Consideration of Carter's EEOC Charging Documents Is Appropriate

As a preliminary matter, Carter argues that a court's inquiry must be limited to its complaint and attachments, and therefore may not consider the contents of her charges before the EEOC and LCHR, which were attached to Target's motion to dismiss. This claim lacks merit. It is well-established that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal quotation marks omitted) (alteration in original). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499.

The documents at issue here—Carter's two EEOC Charges—were referenced in her complaint and are central to her claim. Their contents are essential to determining (i) whether the EEOC and LCHR Charges were filed within the applicable statute of limitations, and (ii) whether the allegations contained in those complaints allege a colorable violation of Title VII. These issues are central to Carter's pleadings, and her failure to include them does not allow her complaint to bypass Target's motion to dismiss unexamined. *See, e.g.*, *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). We will review Target's motion to dismiss with the benefit of Carter's EEOC and LCHR charges.

B.    Count I

Before bringing a claim under Title VII, a plaintiff must first file a charge with the EEOC. If that charge is denied by the EEOC, the EEOC issues a right-to-sue letter, after which plaintiff has 90 days—or 300 days in a deferral state—to file a Title VII action. *See Price v. Choctaw Glove & Safety Co.*, 459

5

F.3d 595, 598 & n.7 (5th Cir. 2006). A plaintiff must exhaust the administrative process and receive her statutory notice of right-to-sue before filing a civil action in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Failure to file a charge with the EEOC and exhaust administrative remedies before filing a Title VII action will result in dismissal. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996).

Count I asserts that Carter (i) filed Charge 23, alleging racial discrimination and retaliation, with the EEOC and LCHR on August 19, 2010 and (ii) received her right-to-sue notice on March 13, 2012. However, she has since admitted, and the record corroborates, that no such charge exists in relation to this case. While it is true that we must accept all well-pleaded factual allegations as true for the purpose of a motion to dismiss, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint." *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (internal citation omitted).

Because Charge 23 does not exist, we need not accept as true Carter's assertions that she filed and received her right-to-sue notice for Charge 23. Further, we need not accept as true Count I's legal conclusion that "Defendant's actions deprived Plaintiff of equal opportunity in the terms and conditions of employment because of her race." Absent any well-pled facts suggesting that she has exhausted her administrative remedies, we cannot reasonably infer that Target has committed a violation of Title VII. Accordingly we affirm the dismissal of Count I.

C.     Count II

(1)     Retaliation

Count II of Carter's complaint—which purports to be based on Charge 43—alleges that she was fired in retaliation for filing the EEOC and LCHR charge referenced in Count I, i.e., Charge 23. A valid retaliation claim requires

that the plaintiff demonstrate "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a casual link existed between the protected activity and the adverse employment action." *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001) (internal quotation marks omitted). An individual engaged in a protected activity if she: (i) "'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII," or (ii) "opposed any practice made an unlawful employment practice" by Title VII. *Haynes v. Pennzoil Co.*, 207 F.3d 296, 299 (5th Cir. 2000) (citing 42 U.S.C. §2000e-3(a)) .

### a.     EEOC Charges

Generally, a plaintiff who files a complaint with the EEOC engages in a protected activity. *Haire v. Bd. of Supervisors of La. State Univ.*, 719 F.3d 356, 367 (5th Cir. 2013). But as already discussed, Charge 23 does not exist. The alleged filing of a fictitious EEOC charge cannot constitute a protected activity under Title VII. The only other EEOC charge referenced in Carter's complaint is Charge 43, which was filed nearly seven months before Carter was fired and does not reference any previous EEOC charges. Charge 43 cannot plausibly allege that Carter was fired in retaliation for filing her EEOC and LCHR complaints.[2]

### b.     Opposing a Practice Made Unlawful by Title VII

Charge 43, within the context of the complaint as a whole, can also be interpreted as alleging that Carter's excessive workload, false disciplinary actions, and poor performance evaluations were retaliation for (i) filing the

---

[2] Generally, a court may rely only on the complaint and its attachments to rule on a motion to dismiss. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). But "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 498-99. Because Carter's complaint neither refers to nor bases any claim upon Charge 20, we find Charge 20 beyond the scope of our consideration and take no position on its merits. To the extent that the district court made any rulings related to Charge 20, that portion of the decision is VACATED.

Hotline Complaint or (ii) refusing to file false negative reports against her coworkers. Besides EEOC charges, an individual may engage in protected activity by opposing any practice made unlawful by Title VII.[3] *Haynes*, 207 F.3d at 300. But an employee cannot simply complain that she received unfair or undesirable treatment. *Richard v. Cingular Wireless LLC*, 233 F. App'x 334, 338 (5th Cir. 2007). A vague complaint that does not reference a discriminatory employment practice does not constitute a protected activity. *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011). In *Moore v. United Parcel Service, Inc.*, 150 F. App'x 315 (5th Cir. 2005), for example, this court held that a delivery driver's grievance—alleging that the company violated the union agreement when it fired him—was not a protected activity under Title VII. *Id.* at 319. The court reasoned that the driver was not engaged in a protected activity because the grievance "made no mention of race discrimination." *Id.*

Here, Carter's Hotline Complaint did not oppose an unlawful practice under Title VII. Carter's complaint stated that she "submitted a report on [Target's] hotline that a white employee's work tasks were being diverted to her, and that she was subjected to an excessive workload." Charge 43 merely asserts Carter "reported various issues to a company hotline which include[d] but [were] not limited to excessive workload; negative notes of my performance; low performance score of 69 out of 100 and two corrective actions." While an excessive workload and negative performance reviews may be undesirable, the protections of Title VII do not extend to such concerns. Indeed, Carter did not make *any* reference to a discriminatory practice in her Hotline Complaint.

Charge 43 may also be construed as alleging that Target retaliated against her for refusing to falsify performance reports. But nothing in Carter's complaint or Charge 43 indicates that her refusal was an activity protected by

---

[3]    Title VII provides that an unlawful practice is "discriminat[ion] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment" because of race. 42 U.S.C. §2000e-2(a)(1).

Title VII. *See Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010) (dismissing because plaintiff did not allege that her failure to falsify documents was an activity protected by Title VII.). The mere fact that Carter mentioned the race of the two employees in her complaint—race is not mentioned in Charge 43—is insufficient to indicate that the request to falsify performance reports was racially motivated.

The district court's dismissal of Carter's retaliation claims is affirmed.

(2)    Racial Discrimination

Finally, if read with the complaint as a whole, Charge 43 can be understood as alleging racial discrimination. A Title VII plaintiff must file a charge of discrimination with the EEOC no more than 180 days—300 days in a deferral state such as Louisiana—after the alleged discriminatory employment action occurred. *See Connor v. La. Dep't of Health & Hosp.*, 247 F. App'x 480, 481 (5th Cir. 2007). Amended Charge 43 alleges that the last unlawful practice occurred on July 2, 2010. Carter did not amend Charge 43 to allege racial discrimination until May 28, 2011—330 days after the last alleged unlawful practice. Carter's racial discrimination claim is time barred unless it "relates back" to August 26, 2010; the date Charge 43 was originally filed.

This court has explained that the purpose of an EEOC claim is to notify the employer of the nature of a pending charge. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 879 (5th Cir. 2003). An amendment that provides a new legal theory of discrimination does not relate back to the original charge. *Id.* at 878. An amendment only relates back to the original charge if it cures technical defects or clarifies the original charge. *See* 29 C.F.R. §1601.12(b). Here, amended Charge 43 does not relate back to the original claim. It presents an entirely new legal theory because Carter alleges for the first time that Target *racially* discriminated against her. Carter neither mentioned race nor checked the "race" discrimination box on her original Charge 43 filing. Carter's racial discrimination claim does not relate back to Charge 43 and is time barred.

9

**CONCLUSION**

The district court's dismissal of Counts I and II is AFFIRMED. The portions of its opinion regarding Charge 27A-2011-00020 are VACATED.