# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30034
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2016

Lyle W. Cayce
Clerk

MOHAMED ADMED HASSAN ABDALLAH OMRAN,

Plaintiff - Appellant

v.

STEVE PRATOR; ROBERT WYCHE; DIRECTOR HICKS; CHAPLAIN WHITTIKER,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-2426

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mohamed Admed Hassan Abdallah Omran, formerly federal prisoner # 12752-049 and proceeding *pro se*, appeals, *inter alia*, the summary judgment dismissal of his 42 U.S.C. § 1983 complaint, which claimed violations of his First Amendment right to the free exercise of his religion, and of his claims for Fourteenth Amendment violations raised for the first time in objections to a

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-30034

magistrate judge's report and recommendation.  Omran served six-months' imprisonment after his jury-trial conviction for two counts of failure to depart the United States.  He initiated this civil action during his imprisonment, alleging that, during his pre-trial detainment he requested, but was denied, halal or kosher food in accordance with the tenets of his religion.

Defendants—personnel associated with the Caddo Correctional Center—moved for summary judgment, as did Omran.  In a report and recommendation, the magistrate judge recommended such relief be awarded defendants.  Omran later moved for judgment on the pleadings and for sanctions against defendants' counsel, claiming the response to his summary-judgment motion was frivolous and false.  The magistrate judge recommended denial of this motion as well, and the district court adopted the reports and recommendations.

A summary judgment is reviewed *de novo.  Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007).  Prison policies that impinge on fundamental constitutional rights are reviewed under the deferential standard that a prison regulation is valid if it is reasonably related to legitimate penological interests. *Id*. at 120 (citing *Turner v. Safley*, 482 U.S. 78 (1987)).  *Turner* requires the court to consider four factors:  (1) whether a valid and rational connection exists between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact of the accommodation on prison guards, other inmates, and the allocation of prison resources generally; and (4) whether there are "ready alternatives" to the regulation in question. *Id.* (citing *Turner*, 482 U.S. at 89–90).

*Baranowski* resolves the immediate appeal with regard to the First Amendment claim.  Plaintiff in *Barnanowksi* challenged a prison's denial of a

kosher diet, and our court rejected his challenge. *Id.* at 122. In doing so, our court noted that, "[i]n *Kahey*, we held that the prison was not required to accommodate a Muslim inmate's request for a kosher diet, with particularized requirements regarding the content and preparation of food". *Id.* (citing *Kahey v. Jones*, 836 F.2d 948, 950–51 (5th Cir. 1988)). Omran's First Amendment claim likewise fails. *See id.* at 119–22.

Omran's equal-protection claim will not be considered because it was raised for the first time in his objections to the magistrate judge's report and recommendation, and the district court did not abuse its discretion in implicitly denying him leave to amend. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992).

Finally, the court did not abuse its discretion in refusing to impose sanctions. *See Health Net, Inc. v. Wooley*, 534 F.3d 487, 497 (5th Cir. 2008).

AFFIRMED.