# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60178
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2017

Lyle W. Cayce
Clerk

MARQUITA BUCHANAN,

Plaintiff - Appellant

v.

CCA/TALLAHATCHIE COUNTY CORRECTIONAL FACILITY,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:16-CV-200

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Marquita Buchanan appeals the district court's dismissal of her complaint against Defendant–Appellee CCA/Tallahatchie County Correctional Facility (the Facility)[1] for failure to state a claim. On December 21, 2015, the Facility fired Buchanan. Nine months later, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] According to the Facility, its actual legal name is CoreCivic of Tennessee, LLC, formerly known as CCA of Tennessee.

No. 17-60178

September 2016, Buchanan filed a charge of discrimination against the Facility with the Equal Employment Opportunity Commission (the EEOC). That same month, the EEOC closed its file on Buchanan's charge, concluding the charge was filed outside the 180-day limitations period, and Buchanan sued the Facility for employment discrimination under Title VII. Buchanan's complaint asserted that the Facility discriminated against her on the basis of her race and gender and, as factual support, alleged in its entirety as follows:

> [A supervisor at the Facility] recommended my termination on December 21, 2015 stating that on 1/26/2015, 07/22/2015, and 09/03/2015 I failed to comply with the attendance program policy 7-2014.

Buchanan's complaint was accompanied by a letter explaining, in pertinent part, that she had untimely filed her EEOC charge because she had been waiting for the Facility's grievance process to conclude.

The Facility moved to dismiss Buchanan's complaint under Federal Rule of Civil Procedure 12(b)(6) because (1) her EEOC charge was untimely and, thus, her claim was time barred and (2) she failed to allege facts to support a plausible claim for relief. The motion was referred to a magistrate judge, who recommended granting the motion. Buchanan objected to the recommendation, asserting, in pertinent part, that she alleged sufficient facts to support a claim that the Facility violated her First Amendment rights by "harass[ing]" her after she discussed the Facility's attendance policy with its president, violated "Labor Board Laws" by reprimanding her "for the same [attendance] violations within thirty days," and violated another unspecified "Federal Law" by contacting her via mail. In support of her objection, Buchanan attached the notices she received from the Facility for violations of its attendance policy and the emails and grievances she filed in response to those notices. The district court adopted the magistrate judge's recommendation in full, noting that (1) Buchanan did not "raise any grounds

2

for equitable tolling that could extend the time for filing" her EEOC charge, (2) Buchanan's complaint was "wholly devoid of facts that could support a claim under Title VII for discrimination based on race or gender," and (3) Buchanan "failed to raise any grounds sufficient to warrant re-pleading in this case," despite being put on notice by the magistrate judge's report that she must do so to avoid dismissal.  Buchanan timely appealed.

We review the dismissal of a complaint de novo, *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997), but the application of equitable tolling for abuse of discretion, *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).  In reviewing pro se pleadings, this court grants them liberal construction, but even for pro se litigants, such as Buchanan, "conclusory allegations . . . will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).  Similarly, pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Buchanan argues that the district court erred by not equitably tolling her Title VII claim because the Facility used its grievance process "to stall" her.  The mere pendency of her grievance, however, is an insufficient basis to find the district court abused its discretion in declining to apply equitable tolling.  *See West v. Miss. Dep't of Public Safety*, 37 F. App'x 712, 712 (5th Cir. 2002) (per curiam) ("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period."); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) ("[T]he internal union grievance procedure is not a basis [for equitable tolling] because the pendency of a grievance does not suspend the 180–day limitation for filing a charge.").  But even assuming *arguendo* that equitable tolling applied and Buchanan's Title VII claim was not time barred,

No. 17-60178

Buchanan's conclusory factual assertions are insufficient to plausibly allege that she was terminated on the basis of her race or gender. *See Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010) (per curiam). Thus, her complaint was properly dismissed.

Buchanan further argues, consistent with her objection, that the Facility violated "the United States Labor laws" and her First Amendment rights. However, we need not consider these arguments because they were raised for the first time in Buchanan's objections to the magistrate judge's report and recommendation, and the district court did not abuse its discretion in implicitly denying Buchanan leave to amend to assert such claims.[2] *See Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) (per curiam).

Buchanan finally argues, for the first time, that the Facility violated her Fourteenth Amendment rights and requests $100 million in punitive damages. Buchanan, however, forfeited these arguments by raising them for the first time on appeal. *See Yohey*, 985 F.2d at 224–25.

The judgment of the district court is AFFIRMED.

---

[2] Indeed, Buchanan's brief is devoid of any logical argument or citation to authority supporting her claim that the "United States Labor laws" or her First Amendment rights were violated. Accordingly, in any event, the issue was waived on appeal by inadequate briefing. *See Yohey*, 985 F.2d at 224–25.

4