# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2024

Lyle W. Cayce
Clerk

No. 23-30918

Anthony J. Woods,

*Plaintiff—Appellant*,

*versus*

N'Gai Smith, *officially* and *individually*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-482

_____

Before Elrod, *Chief Judge*, and Dennis and Higginson, *Circuit Judges*.

Per Curiam:[*]

Appellant Anthony J. Woods alleges that his former supervisor, Appellee N'Gai Smith, created a hostile work environment by calling him a racial epithet in front of other employees. The district court granted Smith's motion for summary judgment, concluding that Woods's Title VII claim was time-barred. Because Woods filed his EEOC charge more than 300 days after

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30918

the date of the alleged incident without grounds supporting equitable tolling, we AFFIRM.

I

A

Woods worked at French Market Corporation in New Orleans, Louisiana, as a painter with Smith as his immediate supervisor. Woods alleges that French Market leadership racially discriminated against him. Specifically, Woods alleges that on June 22, 2018, Smith called him a racial epithet. This alleged use of a slur is the only instance of a hostile work environment supported by record evidence.[1] Woods filed a grievance in June 2018 requesting authorization to file a lawsuit, compensation, and termination of Smith. After Smith received a suspension and was enrolled in a supervisor course, Woods requested review of the determination, but later recanted his grievance and stated that he was "satisfied with the disciplinary" action in September 2018. Woods continued working for French Market Corporation until his termination on August 23, 2019. Woods later filed his Equal Employment Opportunity Commission charge on October 21, 2019, and received notice of a right to sue shortly after.[2]

B

Woods originally filed this lawsuit in the Eastern District of Louisiana in 2020, naming the mayor and City of New Orleans and several French

---

[1] Woods identifies that this incident happened on June 22, 2018, in his grievance form and deposition testimony. Smith does not dispute making the alleged statement in the motion for summary judgment or response brief.

[2] As we have previously held, "Title VII's administrative exhaustion requirement is not a jurisdictional bar to suit but rather a prudential prerequisite under our binding precedent . . . ." *Davis v. Fort Bend County*, 893 F.3d 300, 308 (5th Cir. 2018), *aff'd*, *Fort Bend County v. Davis*, 587 U.S. 541, 552 (2019).

Market management-level employees as defendants. Woods's complaint alleged several claims, including race discrimination and a hostile work environment under Title VII and various other violations of civil rights statutes. The defendants moved to dismiss all claims, contending that Woods failed to state a claim upon which relief could be granted. The district court granted the defendants' motion to dismiss, and Woods first appealed to this court in 2021.

On appeal, we agreed with the district court on all but the hostile-work-environment claim and remanded for further consideration. *Woods v. Cantrell*, 29 F.4th 284, 285–86 (5th Cir. 2022).

On remand, Smith moved for summary judgment, insisting that Woods's hostile-work-environment claim was time-barred. Specifically, Smith asserted that Woods did not file his EEOC charge within 300 days after the alleged racial epithet. In support of his motion, Smith set forth summary judgment evidence that showed Woods testified in a deposition that Smith uttered the alleged racial slur on June 22, 2018, but that he did not file his EEOC charge until October 21, 2019—486 days later. The district court granted Smith's motion on the basis that Woods's claim was time-barred and found no grounds for equitable tolling. *Woods v. Cantrell*, No. 20-CV-482, 2023 WL 8716587, at *3 (E.D. La. Dec. 18, 2023). The district court determined that, even though Woods asserted that the "alleged misconduct occurred between January 1, 2018 and August 23, 2019," there was only one discrete incident of discrimination on record and each discriminatory act has its own limitations period which begins at the time of the conduct. *Id.*

II

Woods now appeals the district court's grant of summary judgment. "We review the district court's ruling on a motion for summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving

party." *Ramirez v. Killian*, 113 F.4th 415, 421 (5th Cir. 2024). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Sweetin v. City of Texas City*, 48 F.4th 387, 391 (5th Cir. 2022) (quoting *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357–58 (5th Cir. 2017)).

"This Circuit has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII." *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006) (citing *Wheeler v. Am. Home Prod., Corp.*, 582 F.2d 891, 897 (5th Cir. 1977)). "In order to file suit under Title VII, a plaintiff first must file a charge with the EEOC within 180 [or 300] days of the alleged discriminatory act." *Id.* (footnote omitted). 42 U.S.C. § 2000e-5(e)(1) extends the limitations period to 300 days for individuals who file with a "State or local agency." Louisiana has declared itself a "deferral state" which extends the period to file to 300 days. La. Rev. Stat. § 51:2231(A).[3]

In addition, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). A party may file past the 300-day period if there are grounds for equitable

---

[3] *See Lavigne v. Cajun Deep Founds., L.L.C.*, 654 F. App'x 640, 643 (5th Cir. 2016) ("To effectively exhaust administrative remedies, '[a] Title VII plaintiff must file a charge of discrimination with the EEOC no more than 180 days—300 days in a deferral state such as Louisiana—after the alleged discriminatory employment action occurred.'") (quoting *Carter v. Target Corp.*, 541 F. App'x 413, 419 (5th Cir. 2013)).

No. 23-30918

tolling. *Id.* We have recognized at least three bases for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of [his] rights." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (quoting *Wilson v. Sec'y, Dep't of Veterans Affs.*, 65 F.3d 402, 404 (5th Cir. 1995)).

III

We now turn to the parties' arguments.[4] Woods asserts that his hostile-work-environment claim is not time-barred under Title VII. He contends that his claim is within the Title VII limitations period to file his EEOC charge because Louisiana Revised Statute § 23:301 *et seq.*[5] provides an additional six months to "file." Woods also asserts the hostile work environment lasted until his last day of employment.

Smith, by contrast, maintains that the hostile-work-environment claim is time-barred because Woods failed to file the EEOC charge within 300 days of the alleged misconduct. Smith cites Woods's deposition

---

[4] Woods's original and reply briefs will be construed liberally because he submitted both as a *pro se* litigant. *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012) ("We give *pro se* briefs a liberal construction.") (citing *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 604 (5th Cir. 2008)). "While we 'liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28.'" *Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011) (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)).

[5] Construing Woods's reply brief liberally as he is a *pro se* litigant, we understand his reference to an additional six months to "file" as referring to Louisiana Revised Statute § 23:303(D) because § 23:303(D) provides a suspension period of no longer than six months while a Louisiana Employment Discrimination Law claim is investigated by EEOC.

testimony and grievance form, which both show the date of the alleged incident as June 22, 2018.

Though Woods makes several of the same arguments that he raised in the district court, the only issue before us is the timeliness of the hostile-work-environment claim under Title VII.

We agree with the district court that Woods's Title VII claim is time-barred because he filed his EEOC charge more than 300 days after the alleged misconduct.

A

First, Woods asserts that his EEOC charge was timely because the alleged race-based harassment that contributed to the hostile work environment continued until the day he was terminated, August 23, 2019. However, the only discriminatory act that is supported by the summary judgment record is Smith's alleged utterance of the racial epithet in 2018. Woods testified in his deposition and submitted in his grievance form that Smith made the alleged statement on June 22, 2018. Although Woods insists that he endured a hostile work environment until his last day of employment, Woods puts forth no summary judgment evidence of any sort that could support this assertion, and we have already determined that the only basis for the hostile-work-environment claim is the June 2018 slur. *Woods*, 29 F.4th at 285.

His EEOC charge, therefore, was required to be filed within 300 days after June 22, 2018—or at least by April 18, 2019. Here, Woods, filed his EEOC charge on October 21, 2019, more than a year after the date of the alleged incident, and more than 186 days past his April 2019 deadline. Accordingly, Smith is correct that Woods's hostile-work-environment claim is time-barred.

No. 23-30918

B

Although Woods filed after the 300-day period, failure to timely file an EEOC charge may be acceptable when there are grounds for equitable tolling.[6] While Woods has not asserted grounds for equitable tolling, even interpreting his briefs liberally, we see no evidence that justifies tolling the limitations period in this case. This suit has never been pending in the wrong forum, Woods has always been fully apprised of the facts giving rise to his claim, and the EEOC did not mislead Woods about the nature of his rights. *See Aaron's, Inc.*, 636 F.3d at 712. Therefore, there is no summary judgment evidence supporting the tolling of the 300-day limitations period.

C

Last, Woods contends that Louisiana Revised Statute § 23:303(D) provides an additional six months to file, which would place his EEOC complaint within the Title VII limitations period. While Woods is correct that § 23:303(D) suspends certain limitations periods, the statute's tolling period only applies to claims arising under Louisiana state law, not Title VII. La. Rev. Stat. § 23:303(D) (specifying that § 23:303 applies to "[a]ny cause of action provided in *this* Chapter" (emphasis added)); *see Menson v. City of Baton Rouge*, 539 F. App'x 433, 434 (5th Cir. 2013) (applying federal limitations periods to claims arising under federal law and applying § 23:303 to state-law claims). Therefore, this argument cannot salvage his hostile-work-environment claim brought under Title VII.

---

[6] Here, Woods's only basis for his hostile-work-environment claim is the alleged racial epithet on June 22, 2018, and he filed his EEOC charge more than 300 days after the occurrence. Thus, he may proceed only if equitable tolling applies.

No. 23-30918

## IV

In sum, we see nothing in the record that shows a genuine dispute of any material fact. The parties agree on the date of the alleged slur and the date that Woods filed his EEOC charge. None of Woods's authorities supports his contention that his EEOC charge was nonetheless timely filed. Nor does Woods set forth any competent summary judgment evidence that would create a genuine fact dispute as to his claim being time-barred, such as reasonable grounds for equitable tolling or another specific instance of sufficiently severe discrimination within the 300 days before October 21, 2019. Accordingly, we agree with the district court that summary judgment was proper because Woods's Title VII claim is time-barred. Because we agree with Smith that summary judgment was proper, we do not reach Woods's remaining arguments pertaining to remand.

The district court's grant of summary judgment is AFFIRMED.