United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

06-30653

_____

RICKEY TRAVIS,

Plaintiff-Appellant,

v.

JOHN E. POTTER,
POSTMASTER GENERAL, U S POSTAL SERVICE,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Louisiana, Shreveport
(04-CV-899)

_____

Before REAVLEY, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This appeal is from a district court's grant of summary
judgment in favor of an employer in a discrimination case. Finding
no error, we AFFIRM.

I.   BACKGROUND

Rickey Travis was employed by the United States Postal Service
(USPS) for seventeen years. On June 7, 2000, Travis sustained a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shoulder injury while on duty.  The Office of Workers' Compensation Programs accepted the injury on September 12, 2000.  Travis's physician determined that the condition was permanent.  In February of 2002, Travis accepted a permanent modified job offer from the USPS.

Over the years, the employer disciplined Travis for attendance problems such as leaving work without notifying management, failure to report to work and failing to request leave in advance.[1]  The employer also disciplined Travis for engaging in altercations with supervisors and co-workers.  In March 1998, Travis had a verbal confrontation with the Supervisor of Customer Services.  On another occasion, Travis became upset with a Human Resources Specialist and hit the side of a file cabinet.  At one point, Travis had a verbal confrontation with members of management at the Shreveport Post Office.  Also, at a different time, using threatening and coarse language, Travis accused his direct supervisor of being a liar.

On June 25, 2002, Travis and a co-worker, Freddie Robinson, were involved in an altercation.  Robinson provided a written statement reporting that Travis had shoved him with Travis's chest and shoulder and threatened him using vulgar and offensive language.  The employer had the "Threat Assessment Team" investigate the incident, and the team concluded that the "incident

---

[1]  However, during administrative proceedings it was determined that Travis should receive compensation for leave without pay.

more than likely occurred as reported by Freddie Robinson." Travis's supervisor requested a "Notice of Proposed Removal" for Travis. The National Association of Letter Carriers filed a formal grievance on Travis's behalf. Subsequently, the arbitrator ruled that the evidence did not support an "intolerable threat of violence necessary to propose removal." Nonetheless, the arbitrator concluded that "there was clearly evidence that there was sufficient cause to justify discipline." Ultimately, the arbitrator found that "the evidence supports a suspension of fourteen (14) days . . . . Further, this employee has a problem with management of anger and his response to authority. His return to work will be further conditioned on his participation in the Employee Assistance Program for a period of no less than 6 months."

In 2004, Travis filed the instant employment discrimination suit against the Postmaster General, alleging claims under Title VII, the Rehabilitation Act of 1973, and the Louisiana Anti-Discrimination Statute. Pursuant to the Postmaster's motion, the district court granted summary judgment with respect to the hostile work environment claim related to race, retaliation claim and claims under Louisiana law.[2] Subsequently, the district court granted summary judgment on the remaining claim of disability

---

[2] In his appellate brief, Travis does not argue racial discrimination claim, and thus, that claim is not before us. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Similarly, because Travis does not challenge the district court's ruling that the claim under Louisiana law is barred by sovereign immunity, we do not reach it.

discrimination and hostile work environment under the Rehabilitation Act.[3] Travis now appeals pro se.

II.   ANALYSIS

A.   STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. *E.g., Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996). Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

B.   REHABILITATION ACT CLAIM

Travis asserts that his employer treated him differently because of his disability. More specifically, it appears he is arguing that because of his disability he was disciplined more harshly than his co-workers. To obtain relief under the Rehabilitation Act, a plaintiff "must prove that (1) he is an individual with a disability; (2) who is otherwise qualified; (3) who worked for a program or activity receiving Federal financial assistance; and (4) that he was discriminated against solely by reason of her or his disability." *Hileman v. City of Dallas,* 115 F.3d 352, 353  (5th Cir. 1997) (internal quotation marks and

_____

[3] The district court's opinion provides that Travis was placed on disability retirement in August 2005.

4

citations omitted).

In the instant case, the district court found that Travis had failed to demonstrate that he was disabled. Nonetheless, the district court concluded that even if Travis could establish that he was disabled, he failed to show that the complained of actions were based solely on that disability. For purposes of this appeal, we will assume *arguendo* that Travis established that he was disabled. It is undisputed that Travis's shoulder injury was sustained in June of 2000. This injury is the reason he was placed on permanent modified limited duty. By Travis's own admission, the disciplinary actions he complains of began in 1995. It is clear that the complained of disciplinary actions taken by the employer began prior to the onset of his alleged disability. Under these circumstances, he has failed to create a genuine issue of material fact regarding whether his employer's actions against him were based solely on his disability. The district court properly granted summary judgment as to this claim.

C.   HOSTILE WORK ENVIRONMENT

Travis claims these same employer's actions created a hostile work environment. To survive summary judgment, Travis must create a fact issue on each of the elements of a disability-based hostile work environment claim: (1) he is a member of a protected group; (2) he was subjected to harassment; (3) that the complained of harassment was based solely on his disability; (4) that the

5

harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action. *Soledad v. U.S. Dep't of Treasury,* 304 F.3d 500, 506 & n.8 (5th Cir. 2002). Further, "the disability-based harassment must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment." *Flowers v. Southern Regional Physician Services, Inc.,* 247 F.3d 229, 236 (5th Cir. 2001) (internal quotation marks and citation omitted). Once again assuming Travis has shown that he was disabled, as discussed above, he has failed to show that his employer's actions were based solely on his disability. The district court properly granted summary judgment as to this claim.

### D. RETALIATION

Travis asserts that the employer's actions were in retaliation for his filing an EEOC complaint. To demonstrate a claim for retaliation, Travis must prove (1) that he engaged in an activity that was protected; (2) an adverse employment action occurred; and (3) a causal connection existed between the participation in the activity and the adverse employment action. *Webb v. Cardiothoracic Surgery Assoc.,* 139 F.3d 532, 540 (5th Cir. 1998).

Travis correctly asserts that he engaged in a protected activity when he filed a complaint with the EEOC. *Dollis v. Rubin,* 77 F.3d 777, 781 (5th Cir. 1995) (explaining that "[t]here can be

6

no question that [the employee's] retaliation claims satisfy the first element of the analysis, filing an administrative complaint is clearly protected activity").

However, the complained of actions taken by the employer began before the filing of the complaint with the EEOC on July 4, 2003.[4] Travis has not shown a causal connection existed between the filing of the EEOC in 2003 and any adverse employment action. Moreover, the employer has proffered a non-discriminatory reason for his actions: Travis's documented confrontations with supervisors and co-workers. Travis, who has the burden of proving the proffered reason is pretextual, has failed to do so. The district court properly granted summary judgment as to this claim.

AFFIRMED.

---

[4] *See* District Court Op. at 10 n.5 (finding "no competent summary judgment evidence that Travis filed any other EEOC complaints") (citing *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir. 2003); Fed.R.Civ.P. 56).