# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2023

Lyle W. Cayce
Clerk

No. 22-10357

Jacqueline McCloud,

*Plaintiff—Appellant*,

*versus*

Denis McDonough, *Secretary*, *U.S. Department of Veteran Affairs*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-03082

Before Jones, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Jacqueline McCloud alleges that she suffered discrimination and a hostile work environment while working at a Department of Veteran Affairs (VA) healthcare facility in Dallas, Texas. During her employment, McCloud filed multiple Equal Employment Opportunity (EEO) complaints against the VA. The VA investigated the hostile work environment claims, and an EEOC administrative law judge ruled for the VA. McCloud then filed

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10357

this *pro se* suit against the Secretary of the VA, alleging the same hostile work environment claims she did in her administrative complaint. After reviewing the parties' arguments and the record, we AFFIRM on the same grounds as explained by the magistrate judge and adopted by the district court.

I

McCloud is an African-American woman who was around 50 years old when she began working as a physical therapist at a VA facility in Dallas in 2012. At some point while working at the facility, McCloud sustained a chronic shoulder injury which limited how much weight she could lift. In early 2016, McCloud transitioned to a therapist position in the facility's clinical video telerehab (CVT) program.

The VA subsequently hired Margaret Parker as the new supervisor for the CVT program.[1] McCloud's relationship with Parker soured quickly after Parker assumed her post. McCloud alleges that Parker harassed her in several ways such as by decreasing her patient numbers and not crediting her for certain work. McCloud ultimately resigned after being placed on a Performance Improvement Plan for misconduct such as tardiness, leaving her post, and failure to follow orders.

Before her resignation, McCloud filed an EEO complaint with the VA. After making several additions, McCloud alleged 31 instances of harassment based on race, sex, disability, and reprisal for filing a prior complaint.[2] The agency accepted all but McCloud's whistleblower claim for investigation. After the investigation, an administrative law judge with the

---

[1] McCloud's second-level supervisor, Dr. Weibin Yang, remained the same.

[2] McCloud claims she experienced racial discrimination as early as 2014 and, by 2015, she had contacted an EEO counselor and filed two complaints. She later dropped these complaints.

No. 22-10357

Equal Employment Opportunity Commission (EEOC) issued summary judgment for the VA, concluding that McCloud "offered no evidence to show that the Agency's articulated reasons for its actions are a pretext for discrimination."[3]

On December 31, 2019, McCloud filed a *pro se* lawsuit in federal district court against the Secretary of the VA under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination and Employment Act of 1967 (ADEA) and the Rehabilitation Act of 1973. She alleges the same 31 instances of harassment asserted in her EEO complaint and requests "settlement/compensation of $4,995,000, removal of all unsubstantiated documents placed in Plaintiff['s] personnel file" and for the VA to bear all litigation costs.

The VA moved for summary judgment. McCloud filed what the lower court construed as a response to the VA's motion and a separate motion for summary judgment. The district court referred the motions to a magistrate judge for initial findings of fact and conclusions of law. *See McCloud v. McDonough*, No. 3:19-cv-3082, 2022 WL 1230303 (N.D. Tex. Feb. 4, 2022).

The magistrate judge recommended that the district court grant the VA's motion. The judge first concluded that McCloud had administratively exhausted only her hostile work environment claims and thus those were the only claims properly before the court. *Id.* at *3. Still, the magistrate judge determined that the hostile work environment claims failed because the Fifth Circuit does not recognize a reprisal claim. *Id.* The judge determined that McCloud otherwise failed to show any genuine issue of material fact that she

---

[3] McCloud timely appealed the ALJ's decision to the EEOC. The EEOC however took longer than 180 days to decide, so McCloud filed this suit. The EEOC finally affirmed the ALJ's decision on January 9, 2020.

No. 22-10357

suffered pervasive harassment because of a protected characteristic or any harassment affected a term or condition of her employment. *Id.* at \*4–5.

After considering McCloud's objections, which largely restated her factual allegations, the district court fully adopted the magistrate judge's findings and recommendations and entered judgment for the VA. *See McCloud v. McDonough*, No. 3:19-cv-3082, 2022 WL 682747, at \*2 (N.D. Tex. Mar. 8, 2022). McCloud filed this appeal.

## II

We review summary judgment *de novo*, reviewing all facts "in a light most favorable to the non-moving party, drawing all reasonable inferences in its favor." *Ramsey v. Henderson*, 286 F.3d 264, 267 (5th Cir. 2002). To defeat summary judgment, the non-moving party must point the court to specific facts "showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). A party cannot defeat summary judgment with "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Id.* (internal quotation marks and citations omitted). "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 433 (5th Cir. 2005) (citation omitted).

## III

McCloud assigns eight points of error to the district court's decision, but they can be consolidated into three main issues: (1) whether the district court erred in holding that McCloud only exhausted her hostile work environment claims; (2) whether the district court erred in holding that the Fifth Circuit did not recognize a reprisal claim; and (3) whether the district

court erred in granting summary judgment for the VA on her hostile work environment claims.[4] We address each of McCloud's arguments in turn.

## A

McCloud argues that the district court erred in holding that she failed to exhaust her discrimination claims. "Before seeking relief in federal court, Title VII plaintiffs must exhaust their administrative remedies." *Story v. Gibson on behalf of Dep't of Veterans Affairs*, 896 F.3d 693, 698 (5th Cir. 2018). A claim is exhausted if: "(1) the employee receives notice of final agency action or by the EEOC upon appeal from an agency decision, or (2) 180 days have passed from the filing of the administrative complaint or appeal thereof without final agency action." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (citing 42 U.S.C. § 2000e-16(c)). McCloud only pursued hostile work environment claims in her administrative complaint. Indeed, the EEO investigation can be construed only as investigating hostile work environment claims. Thus the district court correctly held that only McCloud's hostile work environment claims were exhausted.

## B

Turning to her exhausted hostile work environment claims, the district court correctly granted the VA summary judgment on the reprisal claim, as "[w]e have not recognized a retaliatory hostile work environment cause of action." *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 741 n.5 (5th Cir. 2017); *see also Montgomery-Smith v.*

---

[4] McCloud also contends that the district court erred in striking parts of her summary judgment filings for revealing confidential settlement information. McCloud does not expand on this argument and thus it is forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (a party forfeits an argument "by failing to adequately brief the argument on appeal"); *see also Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (same for pro se plaintiffs).

*George*, 810 F. App'x 252, 258 (5th Cir. 2020) ("This circuit has not recognized a retaliatory hostile work environment cause of action[.]"). We need not decide whether one exists now because McCloud generally cannot establish the elements of a hostile work environment claim as discussed below.

To succeed on the other bases, McCloud must show that (1) she "belongs to a protected group"; (2) she suffered "unwelcome harassment"; "(3) the harassment complained of was based on [the protected characteristic]"; (4) the harassment "affected a term, condition, or privilege of employment"; and (5) her "employer knew or should have known of the harassment in question and failed to take prompt remedial action."[5] *Ramsey*, 286 F.3d at 268. For harassment to affect "a term, condition, or privilege of employment," it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

McCloud fails to raise a genuine dispute of material fact on at least two of these prongs: As the ALJ, EEOC, magistrate judge, and district court all concluded, McCloud has not shown a genuine factual dispuate that any of the

---

[5] We have similarly recognized a hostile work environment cause of action under the ADEA. To succeed on a such a claim, plaintiffs must prove that: (1) they over the age of 40; (2) they were "subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011). The same is true for claims under the Rehabilitation Act. *See Travis v. Potter*, 221 F. App'x 345, 348 (5th Cir. 2007) (harassment must be linked to the plaintiff's disability). Because McCloud's claims fail on the overlapping prongs, we do not separately analyze her claims under each statute.

31 instances of harassment were based on any of her protected characteristics or constituted "severe or pervasive harassment."

McCloud's claims largely involve workplace disputes over work opportunities and discipline untethered from any evidence that such disputes stemmed from one of McCloud's protected characteristics. For example, McCloud asserts she was accused of workplace misconduct and having low clinic numbers. But she points to no facts showing that these accusations were lobbed against her because of her race, sex, age, or disability other than her adamant belief. This cannot defeat summary judgment. *See Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 618 (5th Cir. 2020) (plaintiff's subjective belief that the alleged harassment was based on her gender was insufficient to defeat summary judgment); *Eberle v. Gonzales*, 240 F. App'x. 622, 629 (5th Cir. 2007) (same).

The claims that McCloud connects to a protected characteristic are still not severe or pervasive such as to "affect a term, condition, or privilege of [McCloud's] employment." *See Ramsey*, 286 F.3d at 268. "In determining whether harassment is sufficiently pervasive or severe, we consider 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Thompson v. Microsoft Corp.*, 2 F.4th 460, 471 (5th Cir. 2021) (quoting *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 445 (5th Cir. 2017)).

For example, McCloud alleges that Parker asked one of McCloud's co-workers if McCloud would shoot Parker if Parker disciplined her. We have held that these types of statements "do not rise to the level of severity necessary to maintain a hostile work environment claim." *See, e.g.*, *Baker v. FedEx Ground Package Sys., Inc.*, 278 F. App'x 322, 329 (5th Cir. 2008) ("The phrases 'fired girl walking' and 'stupid' are not 'based on race' and,

thereby, do not sustain a race-based hostile work environment claim."). And the isolated nature of this incident makes it less pervasive and severe. *See, e.g.*, *Frazier v. Sabine River Auth.*, 509 F. App'x 370, 374 (5th Cir. 2013) (use of racially derogatory language was "isolated and not severe or pervasive enough" to create a hostile work environment).

McCloud also points to times when she disagreed with the VA's accommodation of her shoulder injury, which she characterizes as disability harassment. Construing this as a harassment claim and not a failure to accommodate claim, we have held that similar conduct falls short of pervasive or severe. *See Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 585 (5th Cir. 2020) ("[A] disagreement with an employer over . . . an accommodation [does] not amount to harassment.").

Moreover, even if McCloud's other assertions of harassment based on workplace disagreements with, and accusations from, her superiors were connected to a protected characteristic, they do not qualify as severe or pervasive. McCloud does assert that she faced a physical threat, alleging that Parker shoved a piece of paper in her face. But we have held that this behavior does not constitute severe or pervasive harassment where it is isolated. *See McCoy v. City of Shreveport*, 492 F.3d 551, 554, 558 (5th Cir. 2007) (per curiam) (affirming summary judgment for employer even though a coworker "twice thr[ew] wadded-up paper in [the plaintiff's] face").

Viewing the entire record in the light most favorable to McCloud, we agree with the district court that she has not shown any genuine issue of material fact that she suffered a hostile work environment under any of the statutory protections she cites. Accordingly, we AFFIRM.